Mr. Chief Justice HeMphill
delivered the opinion of the ■court.
This suit was founded upon two contracts in writing, of the character of personal obligations; one of which was due on the 7th May, 1837, and the other on the 1st January, 1838; and each of them would, by the former laws of prescription, have been barred within ten years from their respective maturities.
The action was not commenced until the 21st December, 1844, and, by the application of the rules and principles established in the case of Gautier v. Franklin, was barred. From the 7th of May, 1837, the date of the first note, to the •5th of February, 1841, the date of the act of limitations, is three years and nine months, and from the first of January, 1838, the maturity of the other instrument, to the passage of the act is more than three years. So that three years, without regarding fractions, elapsed on both causes of action before the passage of the statute. Three-tenths, then, of the’ former term of prescription had expired before the substitution of the new limitation, leaving but seven-tenths of the new term to run before the barring of the action, or two years and nine months from the fifth of February, 1841, and which was completed in the month of November, 1843. The action not being commenced until the twenty-first of December, 1844, was barred more than one year before the institution of the suit. It is therefore ordered, adjudged and decreed that the cause be dismissed.